UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ENID FUTTERMAN,

                Plaintiff,

    -against-                                      1:10-CV-1002 (LEK/DRH)

WASHINGTON MUTUAL BANK, FA,

                Defendant.

## ORDER

    Presently before the Court is Plaintiff Enid Futterman's Motion for a temporary restraining order ("TRO") and preliminary injunction, whereby Plaintiff seeks to enjoin Defendant Washington Mutual Bank from foreclosing on and selling property located at 661 Route 23, Craryville, New York 12521.  Dkt. No. 3.

    When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction.  Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)).  "A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Res. Def. Council, Inc., __ U.S. __, __, 129 S. Ct. 365, 376 (2008), and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-11 (2d Cir. 2005).

    Generally, the Court will grant a motion for a preliminary injunction only if the party seeking the injunction can show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d. Cir. 2004); Monserrate v. New York State Senate, 599 F.3d 148, 154 (2d Cir. March 16, 2010).

Plaintiff has failed to meet the high standard detailed above.  Accordingly, her request for a temporary restraining order is denied.  Defendant shall be given until September 14, 2010 to respond to Plaintiff's request for a preliminary injunction; Plaintiff shall have until September 20, 2010 to reply.  The return date for Plaintiff's Motion is set for October 1, 2010.

WHEREFORE, it is hereby

**ORDERED**, Plaintiff's Motion for a temporary restraining order (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Defendant shall have until September 14, 2010 to respond to Plaintiff's request for preliminary injunctive relief; Plaintiff shall have until September 20, 2010 to reply; the return date for Plaintiff's Motion is set for October 1, 2010.

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:       August 20, 2010
             Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge