UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ENID FUTTERMAN,

          Plaintiff,

   -against-                                 1:10-CV-01002 (LEK/DRH)

WASHINGTON MUTUAL BANK, FA,
doing business as Chase,

          Defendant.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

     Presently before the Court are Plaintiff's Amended Motion for a preliminary injunction ("PI") (Dkt. No. 8), and Defendant's Motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) (Dkt. No. 14). The federal claims at issue were brought under Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Federal Trade Commission Act ("FTCA"). Dkt. No. 6. Plaintiff has also brought state law claims for breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, unjust enrichment, and a claim to quiet title. <u>Id.</u> For the reasons that follow, Plaintiff's Motion for a preliminary injunction is denied, and Defendant's Motion to dismiss is granted.

**II. BACKGROUND**

On June 30, 2005, Plaintiff entered into a mortgage and loan agreement with Chase for the refinancing of her home in Craryville, New York. Dkt. No. 14, Ex. A. When Plaintiff was unable to make payments on the loan, Chase commenced a foreclosure proceeding, which is now pending in New York State Supreme Court, Columbia County. On or about July 14, 2009, Plaintiff asserted a counterclaim in the foreclosure proceeding seeking to quiet title to the property at issue. Id. Plaintiff commenced this action in August 2010, alleging that Chase fraudulently induced her to enter the loan agreement, knowing that she could not afford to make the required payments, in order to reap the dividends of her eventual default upon her payment obligations. Dkt. No. 6 at 17-24.

Plaintiff also alleges that Chase charged illegal fees and failed to provide any documentation to support that the fees charged were valid. Id. at 12. Plaintiff asserts several claims against Chase, including claims under TILA, RESPA, the FTCA, and state law claims. See generally, Dkt. No. 6. Plaintiff asserts several state law claims, including breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, unjust enrichment, and a claim to quiet title. Id. Plaintiff seeks a preliminary injunction enjoining Chase from foreclosing on the subject property pending adjudication of her Complaint, a permanent injunction enjoining Chase from engaging in the practices alleged, an order quieting title to the subject property, rescission of the mortgage refinance loan agreement, and monetary damages. Id. at 7.

**III. DISCUSSION**

    **1. Equitable Tolling**

Plaintiff and Defendant agree that Plaintiff's claims under RESPA and TILA are subject to a

one-year or three-year limitations period depending upon the remedy she seeks (damages or rescission).  12 U.S.C. § 2614; 15 U.S.C. §§ 1635(f), 1640(e).  They also agree that the limitations period for these claims runs from the date of the underlying transaction - June 20, 2005 - which was more than five years before this action was commenced.  Johnson v. Scala, No. 05-Civ. 5529, 2007 WL 2852758, at *3 (S.D.N.Y. Oct. 1, 2007).  Plaintiff argues, however, that her claims should be deemed timely under the equitable tolling doctrine because she was not aware of her claims until recently, well after the limitations period expired.  Dkt. No. 15 at 3-5.  The Court finds, however, that Plaintiff's arguments in favor of equitably tolling her claims are without merit.

The "burden of proving that tolling is appropriate rests on the plaintiff," Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002), and is available only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted); see also Williams v. Aries Financial, LLC, No. 09-CV-1816, 2009 WL 3851675 at *6 (E.D.N.Y. Nov. 18, 2009).  This rule makes good sense, as the "[p ]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

In a TILA or RESPA case, equitable tolling will not be applied unless the plaintiff alleges affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims.  Zamito v. Patrick Pontiac, Inc., No. 07-CV-6241, 2008 WL 3930502 at *4 (W.D.N.Y. Aug. 21, 2008).  Indeed, "the courts have held uniformly that fraudulent conduct beyond the nondisclosure itself is necessary to equitably toll the running of the statute of

3

limitations." Cardiello v. The Money Store, Inc., No. 00 Civ. 7332, 2001 WL 604007 at *5 (S.D.N.Y. June 21, 2001). This rule is intended to avoid rendering the statute of limitations meaningless. "If nondisclosure tolled the statute of limitations for a claim brought based on nondisclosure, the statute of limitations would have no effect." Williams, 2009 WL 3851675 at *7. Therefore, in addition to any alleged fraudulent acts which give rise to the underlying cause of action, the plaintiff must identify "some trick or contrivance intended to exclude suspicion and prevent inquiry." Moll v. U.S. Life Title Ins. Co. of N.Y., 700 F. Supp. 1284, 1291 (S.D.N.Y. 1988). Plaintiff must show this trick or contrivance was "designed to mask the existence of [the plaintiffs] cause of action." Id. Otherwise, for the Court to toll the statute of limitations would be an inappropriate effort to circumvent the statute of limitations that was imposed by Congress.

The Court finds that the equitable tolling standard has not been satisfied. Plaintiff has made only broad allegations, void of any specific factual references, that "Defendants actively concealed the complete truth from Plaintiff with the intent of defrauding Plaintiff." Dkt. No. 15 at 3. Nowhere in Plaintiff's submission is there any specific allegation of an act taken by Chase to prevent her from learning of any alleged RESPA or TILA violation during the limitations period. See Campbell v. Chandler Associates, No. 95-CV-1770, 1997 WL 151889 at *2 (N.D.N.Y. Mar. 28,1997) (finding that tolling was inappropriate where the plaintiff failed to show "that the defendants took any affirmative steps to prevent him from learning of any TILA violations"); Williams, 2009 WL 3851675 at *7, *9 (rejecting the plaintiff's tolling argument premised upon allegations that defendants dissuaded plaintiff from bringing an attorney to her closing; the allegations did qualify as "affirmative steps" necessary to toll TILA and RESPA claims); Johnson, 2007 WL 2852758 at *4 (tolling was inappropriate where plaintiffs failed to identify any "false

factual statement upon which they relied" and made no claim that the defendants "were attempting to conceal from them the 'existence of a cause of action'"); Cardiello, 2001 WL 604007 at * 5 (equitable tolling under TILA was inappropriate because plaintiff failed to alleged that defendant "took actions, apart from the disclosure statement and during the one-year statute of limitations period, in an attempt to fraudulently conceal plaintiffs cause of action").  For this reason, the Court finds that Plaintiff's equitable tolling theory should be rejected.

Alternatively, the Court finds that Plaintiff's equitable tolling theory fails because Plaintiff has not identified the date, or even the general time period, when she first became aware of her claims.  See Barkley v. Olympia Mortgage Co., No. 04-cv-875, 2007 WL 2437810 at *17 (E.D.N.Y. Aug. 27, 2007) (rejecting plaintiffs' equitable tolling claim under Fair Housing Act because plaintiffs did not identify the date by which they knew about their Fair Housing Act claims).  Nor has Plaintiff provided any specific allegations to show that she used due diligence to detect the alleged TILA and RESPA violations, or that she would have discovered those violations if she had means to detect them.  Moll, 700 F. Supp. at 1293.

Instead, Plaintiff has merely claimed, without giving the Court any specifics, that she "had no notice of wrong doing until the improprieties of the real estate market were finally made public in the popular media," and that once she learned of the violations, she thereafter acted diligently. Dkt. No. 15 at 4.  Plaintiff has failed to identify any date or time period when such improprieties were first revealed in the public media.  Nor has Plaintiff notified the Court of what specific improprieties were revealed by the public media, what specific steps she took after learning of the improprieties, or when exactly she took them.  As a consequence, Plaintiff cannot avail herself of the equitable tolling doctrine.  Therefore, the Court finds that Plaintiff's RESPA and TILA claims

should be dismissed as time-barred.

### 2. FTCA Claim

The Court notes that the Plaintiff fails to identify any specific business practices or actions by Defendant that violate the FTCA (15 U.S.C. § 45). And even if the Court assumes that Plaintiff alleged an actual FTCA violation, only the FTC can prevent a business entity such as Chase from "using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. §45(a)(2); 15 U.S.C. § 57b(a)(1). As the Second Circuit held in Alfred Dunhill Ltd. v. Interstate Cigqar, 499 F.2d 232, 237 (2d Cir. 1974), "the provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing power to enforce its provisions." See also Li Xi v. Apple Inc., 603 F. Supp.2d 464, 470 (E.D.N.Y. 2009) ("this provision may be enforced only by the Federal Trade Commission and not by private action.") The Court therefore finds that this claim should be dismissed for lack of standing by the Plaintiffs to enforce the FTCA.

### 3. State Law Claims

Because Plaintiff's federal claims are dismissed, there is no basis for this Court to exercise its supplementary jurisdiction over her state law claims. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118,122 (2d Cir. 2006); Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006). In Yarborough v. Queens Auto Mall, Inc., No. 08-CV-3179, 2010 WL 1223584 (E.D.N.Y. Mar. 23, 2010), for example, the district court dismissed the plaintiff's state law claims along with his TILA claim because no federal claims remained in the action. The Court reaches the same result in this case. The Court has found that Plaintiff's federal

6

claims are time barred, and as her state claims are garden variety tort and contractual claims, there is no issue of federal policy raised in this action. Additionally, no discovery has taken place to date. The Court shall not retain jurisdiction over this matter and the Amended Complaint (Dkt. No 6) should be dismissed in its entirety.

## IV.  CONCLUSION

For the foregoing reasons, it is:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Motion for a preliminary injunction (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED, with prejudice**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     December 06, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge